**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JESUS ALBERTO VALLE FERNANDEZ,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **NO. SA-26-CV-6490-OLG** |
| **WARDEN, SOUTH TEXAS ICE PROCESSING CENTER, *et al.*,** | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is the status of this habeas action. Because Petitioner was admitted to the United States and overstayed his visa, he is entitled to a bond hearing under 8 U.S.C. § 1226(a). No bond hearing has been held, however. That is because Petitioner never requested one. *See* Dkt. No. 4 at 2. Petitioner initiated this habeas case anyway, challenging his detention on due process grounds. *See* Dkt. No. 1 at 8–12.[1] Petitioner is correct that he is entitled to a bond hearing, and that the denial of such a hearing would violate his right to due process. But whether he exercises his right to the process provided to admitted aliens under the INA—as set forth in § 1226(a)—is up to him. Thus far, he has declined to do so.

**IT IS THEREFORE ORDERED** that the Petition (Dkt. No. 1) is **DISMISSED** insofar as Petitioner asserts a non-habeas claim and **DENIED** in all other respects.

This case is **CLOSED**.

[1]Petitioner also asserts entitlement to habeas relief based on the Fourth Amendment. *See* Dkt. No. 1 at 8–9. This claim—which is unavailing and not properly before the Court in a habeas proceeding—will be dismissed. *Antonio v. Bondi*, No. 26-CV-610, 2026 WL 1213820, at *2 & n.22 (W.D. Tex. May 4, 2026) (explaining that an alleged Fourth Amendment violation "has no bearing on the legality of detention . . . during removal proceedings").

**SIGNED** on October 29, 2026.

ORLANDO L. GARCIA
United States District Judge